# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE TORRENCE HOLMES, | CASE NO. 1:09-cv-01973-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CABLE, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Tyrone Torrence Holmes is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is the complaint, filed November 9, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

## II. Discussion

### A. Linkage Requirement

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.

In this instance, Plaintiff has not sufficiently linked the defendants named in his complaint to any acts or omissions that purportedly led to the violation of those rights. For example, Plaintiff alleges that when he arrived at the California Correctional Institution, Defendant Cable came to Plaintiff's cell to deliver his property. Plaintiff was told by Defendant Cable that prior to receiving his property he had to sign a property form of unauthorized items and that he would have to send the property home or have it donated. Plaintiff said he was going to file an appeal and Defendant Cable informed him the property would be kept for fifty days. (Doc. 1, Comp., § IV.) Plaintiff filed an inmate appeal and was told by someone other than Defendant Cable that Plaintiff had signed his property away and it was gone. Plaintiff alleges that someone had altered the forms and forged his signature. (Id., p. 4.)

Additionally, Plaintiff states that Defendant Noyce conducted an interview and asked Plaintiff "to sign some newly made up form." (Id.) When Plaintiff refused to sign the form he alleges that his television was removed from April 16, 2008 to July 10, 2008, as punishment for his filing the inmate appeal. (Id.) Plaintiff also names the warden as a defendant, but fails to mention him in the factual allegations contained in the complaint.

These assertions do not suffice to show that Plaintiff's constitutional rights were violated by these Defendants. Iqbal, 129 S.Ct. at 1949-50. The allegations contained in the complaint do not link the named defendants to any act or failure to act that violated his constitutional rights. Iqbal at

1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297 F.3d at 934; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Additionally, the bases for Plaintiff's legal claims are not clear from the complaint. The Court will not guess as to which facts Plaintiff believes show any given constitutional violation(s). It is Plaintiff's duty to correlate his claims for relief with their alleged factual basis. If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for his claims against each defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. Iqbal at 1949-50. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### B. Deprivation of Property

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468

U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).

### C.   Retaliation

A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

### III.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed November 9, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 7, 2011

UNITED STATES MAGISTRATE JUDGE