UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE TORRENCE HOLMES, | CASE NO. 1:09-cv-01973-GBC (PC) |
| Plaintiff, | FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 14) |
| CABLE, et al., | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.      PROCEDURAL HISTORY**

Plaintiff Tyrone Torrence Holmes is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 9, 2009 and consented to Magistrate Judge jurisdiction on November 24, 2009. (ECF Nos. 1 & 5.) Plaintiff's original complaint was dismissed, with leave to amend, for failure to state a claim.  (ECF No. 11.)  On March 17, 2011, Plaintiff filed his First Amended Complaint.  (ECF No. 14.)  No other parties have appeared.  It is this First Amended Complaint that is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

**II.     SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

### III.  SUMMARY OF COMPLAINT

Plaintiff brings this action for violations of his right to due process under the Fourteenth Amendment and a claim of retaliation in violation of the First Amendment.  Plaintiff names the following individuals as Defendants: Cable, Correctional Officer, Receiving and Release ("R&R") Property Officer; and E. Noyce, Correctional Officer, Sergeant R&R.  Both Defendants were employed at Tehachapi State Prison at the time of the incident.

Plaintiff alleges as follows: On April 16, 2008, Defendant Cable came to Plaintiff's cell and gave Plaintiff two options in relation to his property: 1) sign the unauthorized form disallowing Plaintiff's property; or 2) sign the allowable property form.  Plaintiff noticed that all of his personal property was listed for option 2, and then told Cable that he would be appealing this matter.  Cable responded that the secured housing unit ("SHU") would not store personal property, and then stated that he would hold Plaintiff's property for 45 days

1  and that Plaintiff should direct his 602 appeal to Cable because he is the issuing officer.
2  Plaintiff sent in his 602 appeal, which was returned to him signed by an unknown officer.
3  Plaintiff's property was then, apparently, destroyed.

4      Plaintiff was interviewed at the First Level of appeal by Defendant Noyce who asked
5  Plaintiff to sign a different consent form.  Plaintiff refused so Noyce ordered that Plaintiff's
6  television be removed from his cell.

7      Plaintiff seeks compensation for pain and suffering and legal fees.

## IV.    ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.    Due Process

Plaintiff appears to be alleging that his due process rights were violated by both Defendants.  Plaintiff states that he was deprived his property and that it was eventually destroyed.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the

Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 123 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 90 P.3d at 123; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff claims that his belongings were held and then, apparently, destroyed. Plaintiff appears to be alleging that Defendants were not authorized to confiscate the property. Plaintiff has an adequate state post-deprivation remedy, but Plaintiff fails to offer proof of compliance with the California Tort Claims Act. Thus, Plaintiff has failed to allege facts sufficient to find a tort violation. The Court will grant Plaintiff leave to amend his complaint on this claim but cautions Plaintiff against devoting his resources to this claim unless he can show compliance with the California Tort Claims Act.

**B. Retaliation**

Plaintiff states that he was being retaliated against by Defendant Noyce for exercising his constitutional rights.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

4

advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

It is difficult to determine what action Plaintiff is alleging retaliation for: refusing to sign the form from Noyce or filing a grievance. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Being deprived of personal property is an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances). Thus, if Plaintiff is alleging retaliation because he filed a grievance, then he has alleged facts sufficient to meet the first and third prongs of a retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Morgan, 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Plaintiff alleges that Noyce took away his television after he refused to sign a form which would "omit Plaintiff's appeal claim." (ECF No. 14, Pl.'s 1st Am. Compl. p. 4.) The timing appears suspect – Plaintiff refused to sign, and the television is then deemed unauthorized and confiscated. Additionally, Defendant Noyce was personally asking for the signature which Plaintiff refused to give, and Noyce also deemed the television unauthorized. Thus, Plaintiff has met the second element in his retaliation claim.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff

persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Even though it appears that Plaintiff's First Amendment rights were not chilled as he continued to file grievances, the alleged actions of Defendants would chill or silence a person of ordinary firmness from pursuing First Amendment activities. Thus, Plaintiff has met the fourth prong for a retaliation claim.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff does not address this prong at all. However, it appears to the Court that Plaintiff's placement in SHU could serve as the basis for deprivation of certain personal property, which would serve a legitimate institutional goal.

Because Plaintiff has failed to satisfy all elements of a retaliation claim, this claim fails. Plaintiff will be given one additional opportunity to amend to attempt to state such a claim.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant

1  personally participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934.

2      Plaintiff should note that although he has been given the opportunity to amend, it
3  is not for the purposes of adding new defendants or claims.  Plaintiff should focus the
4  amended complaint on claims and defendants relating solely to the issues discussed
5  herein.

6      Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint
7  be complete in itself without reference to any prior pleading.  As a general rule, an
8  amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55,
9  57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer
10 serves any function in the case.  Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
12 The amended complaint should be clearly and boldly titled "Second Amended Complaint,"
13 refer to the appropriate case number, and be an original signed under penalty of perjury.

14     Based on the foregoing, it is HEREBY ORDERED that:

15     1.    Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file
16         an amended complaint within thirty (30) days from the date of service of this
17         order;

18     2.    Plaintiff shall caption the amended complaint "Second Amended Complaint"
19         and refer to the case number 1:09-cv-1973-GBC (PC); and

20     3.    If Plaintiff fails to comply with this order, this action will be dismissed for
21         failure to state a claim upon which relief may be granted.

23 IT IS SO ORDERED.

24 Dated:  May 10, 2011

25     UNITED STATES MAGISTRATE JUDGE