1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE TORRENCE HOLMES, | CASE NO. 1:09-cv-01973-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| CABLE, et al., | (ECF No. 19) |
| Defendants. | CLERK TO CLOSE CASE |

_____/

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Tyrone Torrence Holmes is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 9, 2009 and consented to Magistrate Judge jurisdiction on November 24, 2009. (ECF Nos. 1 & 5.) Plaintiff's original complaint was dismissed, with leave to amend, for failure to state a claim.  (ECF No. 11.)  On March 17, 2011, Plaintiff filed his First Amended Complaint, which was also dismissed with leave to amend.  (ECF Nos. 14 & 16.) Plaintiff then filed a Second Amended Complaint on June 16, 2011.  (ECF No. 19.)  This Second Amended Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

//

///

1

1    **II.    SCREENING REQUIREMENTS**

2           The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

5    raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion

8    thereof, that may have been paid, the court shall dismiss the case at any time if the court

9    determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

10   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11          A complaint must contain "a short and plain statement of the claim showing that the

12   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

13   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

14   mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

15   (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

16   forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

17   face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual

18   allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

19   **III.    SUMMARY OF COMPLAINT**

20          Plaintiff brings this action for violations of his right to due process under the

21   Fourteenth Amendment and retaliation under the First Amendment.  Plaintiff names the

22   following individuals as Defendants: Cable, Correctional Officer, Receiving and Release

23   ("R&R") Property Officer; and E. Noyce, Correctional Officer, Sergeant R&R.   Both

24   Defendants were employed at Tehachapi State Prison at the time of the incident.

25          Plaintiff alleges as follows: On March 16, 2008, Defendant Cable came to Plaintiff's

26   cell and showed Plaintiff two lists, one of his allowable property and one of his unallowable

27   property. Plaintiff noted that all of his property was on the form.  Plaintiff then told Cable

28   that he would be appealing this matter.  Cable responded that he would hold Plaintiff's

property for 45 days and that Plaintiff should direct his 602 appeal to Cable because he was the issuing officer.  Plaintiff sent in his 602 appeal, which was returned to him the following day signed by an unknown officer stating that Plaintiff's property was gone.

Plaintiff was interviewed at the First Level of appeal by Defendant Noyce about the removal of his television, forged forms, and the destruction of Plaintiff's personal property. Noyce wanted Plaintiff to sign a different consent form.  Plaintiff refused so Noyce ordered that Plaintiff's television be removed from his cell.

Plaintiff seeks compensation for damages and destruction of personal property, compensatory and punitive damages, and legal fees.

## IV.  ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.  Due Process

Plaintiff appears to be alleging that his due process rights were violated by both Defendants.  Plaintiff states that he was deprived his property and that it was eventually destroyed.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d

3

1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 123 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 90 P.3d at 123; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff claims that his belongings were held and then, apparently, destroyed. Plaintiff again fails to offer proof of compliance with the California Tort Claims Act. Thus, Plaintiff has again failed to allege facts sufficient to find a violation of his due process rights. Plaintiff was previously notified of the relevant legal standards and the deficiencies in his previous complaint. His Second Amended Complaint contains more detail, but no allegations that are materially different than those contained in his previous complaint. Because Plaintiff's Second Amended Complaint again fails to state a claim against any named Defendant, the Court will dismiss this claim without further leave to amend

**B.   Retaliation**

Plaintiff states that he was being retaliated against by Defendant Noyce for exercising his constitutional rights.

"Within the prison context, a viable claim of First Amendment retaliation entails five

4

1  basic elements:  (1) An assertion that a state actor took some adverse action against an
2  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled
3  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
4  advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th
5  Cir. 2005).

6          It is difficult to determine what action Plaintiff is alleging retaliation for: refusing to
7  sign the form from Noyce or filing a grievance.  Filing a grievance is a protected action
8  under the First Amendment.  Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.
9  1989).  Being deprived of personal property is an adverse action. See Rhodes v. Robinson,
10  408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property,
11  initiation of a prison transfer, and assault in retaliation for filing grievances).  Thus, if
12  Plaintiff is alleging retaliation because he filed a grievance, then he has alleged facts
13  sufficient to meet the first and third prongs of a retaliation claim.

14          The second element of a prisoner retaliation claim focuses on causation and motive.
15  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his
16  protected conduct was a "'substantial' or 'motivating' factor behind the defendant's
17  conduct."  Id. (quoting Morgan, 874 F.2d at 1314).  Although it can be difficult to establish
18  the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce
19  v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable
20  issue of fact regarding prison officials' retaliatory motives by raising issues of suspect
21  timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997);
22  Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as
23  circumstantial evidence of retaliatory intent").  Plaintiff alleges that Noyce took away his
24  television after he refused the sign a form or drop the grievance.  The timing appears
25  suspect – Plaintiff refused to sign, and the television is then deemed unauthorized and
26  confiscated.  Additionally, Defendant Noyce was asking for the signature which Plaintiff
27  refused to give, and Noyce also deemed the television unauthorized.  Thus, Plaintiff has
28  met the second element in his retaliation claim.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Even though it appears that Plaintiff's First Amendment rights were not chilled as he continued to file grievances, the alleged actions of Defendants would chill or silence a person of ordinary firmness from pursuing First Amendment activities. Thus, Plaintiff has met the fourth prong for a retaliation claim.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff again failed to address this prong at all. It appears to the Court that Plaintiff's placement in SHU could serve as the basis for deprivation of certain personal property, which would serve a legitimate institutional goal. Plaintiff did not refute this conclusion which was also stated in the prior screening order.

Plaintiff was previously notified of the relevant legal standards and the deficiencies in his previous complaint. His Second Amended Complaint attempts to clarify his claim, but contains no additional allegations nor does it address the legal standards specified by the Court. Because Plaintiff's Second Amended Complaint again fails to state a claim against any named Defendant, the Court will dismiss this claim without further leave to amend.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when

justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).   However, in this action, Plaintiff filed three complaints and received substantial guidance from the Court in two screening orders. (ECF Nos. 1, 11, 14, 16, & 19.)  Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    June 24, 2011

UNITED STATES MAGISTRATE JUDGE

7